**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**ADANNA FOUNTAIN OBO**
**M.L AND T.F.**
**AND**
**THE ESTATE OF KIMYIUS LAWLER**
**INDIVIDUALLY AND ON BEHALF OF**
**KIMYIUS LAWLER**

                    **Plaintiffs**

**Versus**

**MEMORIAL HOSPITAL BILOXI**
**AND DR CHRISTOPHER SMELLEY**

                    **Defendants**

**CIVIL ACTION NO:**

  1:26cv120 HSO-BWR

                    **Jury trial requested**

**COMPLAINT**

   **NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Adanna Fountain,

the mother of M.L. and T.F., who are the surviving minor children of Kimyius Lawler, and The

Estate of Kimyius Lawler, individually and on behalf of Kimyius Lawler, who respectfully aver

as follows:

**JURISDICTION AND VENUE**

1.    Plaintiffs bring a claim under the Emergency Medical Treatment and Labor Act codified

in 42 U.S.C. § 1395dd or ("EMTALA"). Accordingly, this Court has subject matter jurisdiction

over this lawsuit and the claims asserted herein pursuant to 28 U.S.C. § 1331.

2.    Venue is proper in the United States District Court for the Southern District of Mississippi

pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the claims asserted herein occurred

Harrison County, Mississippi, which is within this jurisdictional district.

1

3.      No pre-litigation requirements or administrative filings apply to Plaintiffs' claims under 42 U.S.C. § 1395dd.

4.       Plaintiffs also bring a claim under the Mississippi Tort Claims Act - Miss, Code Ann. § 11-46-1, *et. seq.*  This Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

5.      All pre-litigation requirements with respect to Plaintiffs' claims under the Mississippi Torts Claims Act have been satisfied.

## PARTIES

6.      Made Plaintiff herein is Adanna Fountain, a person of the full age of majority and a resident of Ocean Springs, Mississippi as well as the mother of M.L. and T.F., who are the surviving minor children of Kimyius Lawler, and the proper heirs-at-law and wrongful death beneficiaries.

7.      Made additional Plaintiff herein is The Estate of Kimyius Lawler.

8.      Made Defendant herein is Memorial Hospital Biloxi, which upon information and belief is a political subdivision of the State of Mississippi.

9.      Made additional Defendant herein is Dr. Christopher Smelley, who upon information and belief is a resident of Harrison County, Mississippi.

## FACTUAL ALLEGATIONS

10.     On the evening of May 15, 2025, Kimyius Lawler became unresponsive and fell to the floor while working as a security guard at the Golden Nugget Casino and his co-worker called 911.

11.     At 8:44 p.m. on May 15, 2025, EMS arrived and noted that Kimyius had a syncopal event and fell to the floor.

2

12.     Upon EMS arrival, Kimyius was found face down, was unresponsive and had blood-tinged saliva flowing from his mouth.

13.     During transport, Kimyius vomited, went in and out of consciousness with borderline hypoxia and received Narcan prior to arrival to the hospital.

14.     At 9:08 p.m., EMS arrived at Memorial Hospital Biloxi and Kimyius woke up briefly before being transferred to the hospital bed, where "he became unconscious again and just slept."

15.     At 9:32 p.m., Kimyius was examined in the ER by Dr. Christopher Smelley, who noted Kimyius was alert and oriented x 3, but with no specific neurologic examination findings mentioned.

16.     Under Kimyius' social history for marijuana recreational use, it is documented that he was a "never smoker."

17.     Kimyius was unconscious when EMS left the ER, yet Dr. Smelley did not document a GCS on his exam.

18.     Dr. Smelley ordered an EKG, CBC, CMP, ethanol level and urine drug screen. Kimyius's CBC was unrevealing and his CMP showed a slightly elevated Creatinine which is nonspecific.

19.     Kimyius's urine toxicology results came back negative for all opioids and positive for cannabinoids. The medical records for Kimyius do not indicate the exact level of THC in his urine.

20.     Kimyius's EKG showed a right bundle branch block, which is nonspecific.

21.     Around 11:50 p.m. on May 15, 2025, Dr. Smelley discharged Kimyius with a diagnosis of marijuana hyperemesis syndrome and syncope.

22.     Prior to discharge, Kimyius was noted as having an oxygen level of 69%, though it is unclear if this reading was communicated by nursing staff to Dr. Smelley.

23. After Kimyius was discharged, his girlfriend, Kiara Guy, met Kimyius outside of the ER and Kimyius was lethargic, confused, coughing up blood and unsteady.

24. Ms. Guy then drove Kimyius to his car at the Golden Nugget Casino.

25. Shortly after Kimyius left the Golden Nugget Casino in the early morning hours of May 16, 2025, he drove off the road and was later found dead in his car.

26. An autopsy performed by the Mississippi State Medical Examiner's Office lists Kimyius' cause of death as "sudden cardiac death due to probable unspecified cardiomyopathy."

27. Kimyius was not married at the time of his death.  During his lifetime, Kimyius had two children, Malik Lawler and Tejaiden Fountain, who are both minors.  Adanna Fountain is the mother and legal guardian of Malik Lawler and Tejaiden Fountain.

## COUNT I – MISSISSIPPI TORT CLAIM ACT

28. Plaintiffs reallege and incorporate all allegation above.

29. Defendant, Memorial Hospital Biloxi is liable to Plaintiffs pursuant to Miss. Code Ann. § 11-46-1, *et. Seq.*

30. Specifically, Defendant, Memorial Hospital Biloxi is liable to Plaintiffs as, per Miss. Code Ann. § 11-46-7(2)-(3), Dr. Christopher Smelley and the hospital nurses are, upon information and belief, employees of Memorial Hospital Biloxi, and cannot be held personally liable for their acts and/or omissions occurring within the course and scope of their employment duties.

31. Upon information and belief, at all relevant times to this Complaint, and for all allegations made, Dr. Christopher Smelley and all nurses were acting within the course and scope of their employment.

4

## COUNT I(A) – NEGLIGENCE

32.    Plaintiffs reallege and incorporate all allegation above.

33.    On the evening of May 15, 2025, Kimyius presented to Gulfport Memorial Biloxi after a syncopal event, with blood-tinged saliva and borderline hypoxia and he was in and out of consciousness even as EMS transferred his care to the emergency room triage.

34.    Dr. Babak Missaghi, a board-certified emergency medicine physician, has reviewed the medical records and evidence in this matter and has opined that Dr. Christopher Smelley and the nurses at Memorial Hospital Biloxi breached the standard of care in the following non-exclusive ways:

      a.   By failing to order a CT scan of the brain to rule out a brain mass or bleeding;

      b.   By failing to order a chest x-ray, a potential d-dimer test and CTA Pulmonary to rule out pulmonary embolism;

      c.   By failing to test Kimyius' troponin levels prior to discharge;

      d.   By discharging Kimyius with a documented oxygen level of 69%, which is a critical reading.

35.    Dr. Missaghi has further opined, "[t]he above departures from the standard of care by Dr. Smelley and the nurses at Memorial Hospital Biloxi increased the risk of harm to Kimyius and, more likely than not, resulted in him passing away from hypoxia (possibly from aspiration vs effusions from cardiomyopathy) or possibly a cardiac arrythmia in the setting of undiagnosed cardiomyopathy."[1]

---

[1] Ex. A – Report of Dr. Babak Missaghi

36.     The acts and/or omissions set forth above constitute a claim under the laws of the State of Mississippi.

### COUNT II – EMTALA

37.     Plaintiffs bring this claim for violation of 42 U.S.C. § 1395dd(a) in that Gulfport Memorial Biloxi failed to provide Kimyius an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition existed.

38.     Plaintiffs bring this claim for violation of 42 U.S.C. § 1395dd(b) in that Gulfport Memorial Biloxi detected and had actual knowledge that Kimyius was suffering from an emergency medical condition and failed to stabilize him before discharging him home. Dr. Smelley and the nurses at Gulfport Memorial had actual knowledge, based on the EMS documentation and Kimyius' presenting condition, that Kimyius was in and out of consciousness even after receiving Narcan in the ambulance and was borderline hypoxic while in transit to the emergency room.  Despite Kimyius' very concerning presentation, hospital records do not show that any neurological exam was performed or that his condition was stabilized or treated.

39.     However, most alarming, Kimyius was discharged from Gulfport Memorial Biloxi shortly after his oxygen level measured 69%, which is an extremely low oxygen saturation reading and concerning for acute brain injury and death.  Kimyius' oxygen level of 69% was an obvious emergency medical condition, which his medical providers were aware of, and required stabilization or transfer under EMTALA.

40.     As a result of Defendant's violation of 42 U.S.C. § 1395dd, Plaintiffs are entitled to recover all damages allowed by Mississippi law due to Defendants' EMTALA violations, including

without limitation, physical pain and suffering, mental anguish, emotional trauma, loss of life, loss of enjoyment of life, lost chance of survival, and wrongful death.

## NOTICE OF INTENTION

41.     Plaintiffs reallege and incorporate all allegation above.

42.     On November 18, 2025, as per Miss. Code Ann. § 11-46-11, Plaintiffs sent a notice of claim to Dr. Christopher Smelley by certified mail, which was received by Dr. Smelley on November 28, 2025.[2]

43.     On January 15, 2026, Plaintiffs sent a notice of claim to Memorial Hospital Biloxi through its CEO, Kent Nicaud, by Federal Express, which was received by Memorial Hospital Biloxi on January 20, 2026.[3]

44.     The notices of claim were in writing, were delivered with receipt acknowledgment, and contained the following: a short and plain statement of the facts which the claim is based, the extent of the injury, the time and place the injury occurred, the names of all persons to be involved, the amount of damages sought, Plaintiffs' residence and the residence of Kimyius Lawler at the time of his death.

## CERTIFICATE OF EXPERT CONSULTATION

45.     Plaintiffs reallege and incorporate all allegation above.

46.     Pursuant to Mississippi Code Annotated §11-1-58, a Certificate of Expert Consultation is attached hereto as Exhibit "D" and is made part of this Complaint as if copied in full herein.

---

[2] Ex. B – November 18, 2025 Notice of Claim to Dr. Smelley and green card receipt.
[3] Ex. C – January 15, 2026 Notice of Claim to Memorial Hospital Biloxi and FedEx confirmation

## **PRAYER FOR RELIEF**

**WHEREFORE**, after due proceedings had, Plaintiffs, Adanna Fountain, the mother of M.L. and T.F., who are the surviving children of Kimyius Lawler, and The Estate of Kimyius Lawler, individually and on behalf of Kimyius Lawler, pray for judgment in their favor in such sums that are reasonable and just for the following damages caused by both the negligence and violations of EMTALA by Memorial Hospital Biloxi and Dr. Christopher Smelley:

1) Past pain and suffering of Kimyius Lawler before his death;

2) Past pain and suffering Plaintiffs;

3) Future pain and suffering of Plaintiffs;

4) Past medical expenses;

5) Loss of enjoyment of life;

6) Loss of consortium;

7) Loss of income;

8) Mental anguish;

9) Funeral expenses;

10) All other general and special damages that may be applicable;

11) Court costs; and

12) Judicial interest.

RESPECTFULLY SUBMITTED,

**SANGISETTY LAW FIRM, LLC**

*/s/ Amanda J. Olmsted*
Amanda J. Olmsted, Esq. (MS Bar No.: 106505)
3914 Canal St., New Orleans, LA 70119
Telephone:    504-662-1016

Facsimile:      504-662-1318
amanda@sangisettylaw.com